131 A.3d 407

IN THE MATTER OF DARRYL W. SIMPKINS, AN ATTORNEY
AT LAW (ATTORNEY NO. 045881984).

March 1, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its
decision in DRB 15–105, recommending that **DARRYL W. SIMP-
KINS** of **HILLSBOROUGH,** who was admitted to the bar of this
State in 1984, should be disbarred for violating *RPC* 1.1(a) (gross
neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep a
client reasonably informed about the status of a matter), *RPC*
8.4(b) (commission of a criminal act that reflects adversely on the

attorney's honesty, trustworthiness or fitness as a lawyer), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And **DARRYL W. SIMPKINS** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined that a three-year term of suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **DARRYL W. SIMPKINS** is suspended from the practice of law for a period of three years, effective March 30, 2016, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files' proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.